# EXHIBIT L

BLAIR BERK  
ANDREW B. BRETTLER*



JAKE A. CAMARA  
REGINA PETER  
TOM JONES^

*ADMITTED IN CA, NY AND NJ

^ADMITTED IN CA, ENGLAND AND WALES

## LEGAL CORRESPONDENCE
## NOT FOR PUBLICATION

September 17, 2024

**VIA EMAIL**:
gail.gove@nbcuni.com

Gail C. Gove, Esq.
General Counsel
NBCUniversal News Group
30 Rockefeller Plaza
New York, New York 10112-0015

    Re:    **Alexa Nikolas; Eat Predators, Inc. /** *NBC News*; **Kat Tenbarge, et al.**

Dear Ms. Gove:

    Our firm is litigation counsel to Alexa Nikolas and Eat Predators, Inc. We are writing further to our letter of April 19, 2024, addressed to Adam Lazier (the "April 19 Letter") regarding your reporter, Kat Tenbarge and a then-proposed false and defamatory story about Ms. Nikolas and Eat Predators she was preparing for publication by *NBC News* (the "Proposed Story").

    In response to the April 19 Letter, on April 24, 2024, NBC's in-house counsel Jessica Baker assured the undersigned that any "concerns" regarding the Proposed Story were "speculative, as *NBC News* has not published any information or made any false or defamatory statements" about Ms. Nikolas. Indeed, notwithstanding Ms. Tenbarge's self-described "hard-fought" efforts to get *NBC News* to "put it out," *NBC News* never published her Proposed Story. According to Ms. Tenbarge, the Proposed Story "did not come out because Alexa [Nikolas] wasn't viewed as a well-known enough person."

    Based on those comments, *NBC News* either concedes that Ms. Nikolas is not a public figure and need not meet the heightened malice standard to prove a claim for libel, or Ms. Tenbarge was not being truthful about why *NBC News* refused to

Gail C. Gove, Esq.
Re: Nikolas / NBC; Tenbarge
September 17, 2024
Page 2

publish her Proposed Story. Indeed, on April 18, 2024, Ms. Nikolas provided Ms. Tenbarge and *NBC News* with numerous documents refuting the unsupported and defamatory allegations outlined in the April 16 comment request email that Ms. Tenbarge sent to Ms. Nikolas in connection with the Proposed Story. Sometime after *NBC News*'s editorial and/or legal staff reviewed those materials, it made the decision not to publish Ms. Tenbarge's Proposed Story because the claims about Ms. Nikolas, as reflected therein, were not true.

Disappointed and angry that *NBC News* refused to publish her Proposed Story, Ms. Tenbarge embarked on an online campaign to harass Ms. Nikolas and harm her reputation. Among other things, Ms. Tenbarge leaked a copy of the April 19 Letter to her friend Adam McIntyre, who publishes a vlog on [YouTube](#).[1] During a recent [episode](#) of his vlog titled *The Truth About Alexa Nikolas*, Mr. McIntyre revealed that Ms. Tenbarge provided him with a copy of the April 19 Letter.[2] Specifically, he admitted, "I've received legal documents, including a cease and desist from [Ms. Nikolas's] lawyer, Andrew Brettler."[3] Mr. McIntyre clarified:

> I received it recently from someone else . . . . This is not something that has been sent to me. It was something that was sent externally and I have received it . . . . [L]egal correspondence signed Andrew B. Brettler and Alexa Nikolas's name is there.

During the same episode, Mr. McIntyre revealed that Ms. Tenbarge also gave him a copy of the comment request email she sent to Ms. Nikolas on April 16, 2024. That Ms. Tenbarge would share her unpublished reporting with her friend

---

[1] Ms. Tenbarge's close relationship with Mr. McIntyre is well-documented on her public [Instagram](#) page where she has posted numerous photographs of them together.

[2] The April 19 Letter was not sent to Ms. Tenbarge. The undersigned sent the April 19 Letter to NBC's in-house counsel, Mr. Lazier, and copied Rebecca Blumenstein and Benjamin Goggin.

[3] Ms. Tenbarge also has publicly expressed contempt for the undersigned counsel. In a September 1, 2022 post on X, she [wrote](#), "[The attorney] is well-known for defending people accused of sex crimes and for using victim-blaming and shaming tactics." On May 16, 2023, Ms. Tenbarge resumed her [harangue](#) against the undersigned: "Every time I read an article with allegations against a celebrity and I get to their lawyer's response I scream because it's the SAME FUCKING LAWYER EVERY TIME." (Emphasis in original.)

Gail C. Gove, Esq.
Re: Nikolas / NBC; Tenbarge
September 17, 2024
Page 3

in an attempt to discredit Ms. Nikolas is evidence of Ms. Tenbarge's bias as well as her tortious and malicious conduct. There can be no question that Ms. Tenbarge's conduct violates the Standards and Practices governing *NBC News*.

That a journalist working for a well-respected news agency, who is supposed to be impartial and fair, would disclose to a third-party outside of her organization legal correspondence sent to her employer is appalling. It also reveals Ms. Tenbarge's extreme bias against and desire to harm Ms. Nikolas. More troubling, however, is the fact that Ms. Tenbarge claims that she acted with the approval of *NBC News*. As documented in the chat accompanying the most recent [episode](#) of *Eat Predators Daily*, Ms. Tenbarge proudly proclaimed, "I told my editors *everything* I was doing, and they gave me permission to defend myself." (Emphasis added.) While it is unclear from what Ms. Tenbarge supposedly needed to defend herself, it is clear, based on these public comments, that her conduct and statements online and elsewhere will be imputed to *NBC News*.[4]

Accordingly, if this matter is not resolved to our client's satisfaction, Ms. Tenbarge, her editors, and *NBC News* each will be responsible, jointly and severally, for all damages that Ms. Nikolas incurs as a result of the defamatory statements Ms. Tenbarge published about Ms. Nikolas and the harassment campaign she is spearheading against Ms. Nikolas, at the direction of *NBC News* and/or with its full knowledge and approval. *See Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1080 (9th Cir.), *amended*, 340 F.3d 767 (2003) (holding that the employer is liable for the defamatory statements of its employee if the defamation occurred with the in the scope of the employment). The *Rivera* court further held that the employer need not even know about the statement, nor would the statement need to have been made for the benefit of the employer. *Id.*; *see also Reese v. Barton Healthcare Sys.*, 693 F. Supp. 2d 1170, 1191 (E.D. Cal. 2010) (citing *Rivera*).

Based on Ms. Tenbarge's own statement indicating that *NBC News* approved of "everything" she did with respect to Ms. Nikolas, liability under *Rivera* and its

---

[4] Ms. Tenbarge is closely associated with *NBC News*. Her [profile](#) on X reads simply: "Tech and culture reporter @nbcnews." It contains no disclaimers. Her prominent reference to *NBC News* in her X profile and her comments online about how her editors at *NBC News* blessed "everything" she was doing, adds a level of credibility by suggesting, if not directly implying, that she speaks for and/or at the direction of *NBC News*.

Gail C. Gove, Esq.
Re: Nikolas / NBC; Tenbarge
September 17, 2024
Page 4

progeny is clear. However, even if Ms. Tenbarge were found to have exceeded the scope of her authority and/or acted with a bad motive when she defamed and harassed Ms. Nikolas, *NBC News* would still be liable under California law. *See Sanborn v. Chron. Publ'g Co.*, 18 Cal. 3d 406, 411 (1976) (holding that an employer may be liable for defamation by one of its employees through the doctrine of *respondeat superior* "even though the agent may have exceeded [her] express authority . . . regardless of the agent's motive).[5]

On or about September 9, 2024, in violation of NBCU's "Expectations Regarding Social Media," which require NBCU employees to "treat others with dignity and respect" and "preserve and protect the Company's confidential information," Ms. Tenbarge began publishing demonstrably false and defamatory allegations against Ms. Nikolas on social media. Later that day she also actively participated in the chat accompanying the *Eat Predators Daily* live stream.[6] On both X and in the documented YouTube chat, Ms. Tenbarge made a series of outrageous, false, and libelous claims about Ms. Nikolas. Among other things, she accused Ms. Nikolas of criminal conduct for publishing purportedly "sealed" court documents pertaining to a proceeding in Cleveland, Ohio involving Drake Bell.[7] Specifically, in the YouTube chat, Ms. Tenbarge accused Ms. Nikolas of "post[ing] a sealed doc[ument] from the [D]rake [B]ell court case," which Ms. Tenbarge added, "could be considered a misdemeanor in Ohio."

Worse, without any evidence whatsoever, Ms. Tenbarge falsely concluded in a post on X that the documents Ms. Nikolas posted "appeared to be internal documents used by Drake [Bell]'s legal team." Ms. Tenbarge doubled down on her

---

[5] *NBC News* also should be familiar with the New York federal district court's holding in *La Liberte v. Reid*, No. 18-CV-5398-DLI-JRC, 2023 WL 6593985, at *5 (E.D.N.Y. Aug. 18, 2023), *report and recommendation adopted*, No. 18-CV-5398-DLI-JRC, 2023 WL 6370772 (E.D.N.Y. Sept. 30, 2023). There, the court determined that defendant Joy Reid "acted within the scope of her employment" at MSNBC, and that her posts on social media were made "in furtherance of her employer's interests." *Id.* The court concluded, "The defamations of plaintiff by Reid . . . occurred while Reid was engaged in the performance of her assigned duties, or which were reasonably necessary or incidental to her employment." *Id.*

[6] While the YouTube video is dated September 10, 2024, Ms. Nikolas began live-streaming the episode late-at-night (Pacific Daylight Time) on September 9.

[7] On March 27, 2024, *NBC News* published a story by Ms. Tenbarge and Daysia Tolentino about Mr. Bell's legal matter  In that story, Ms. Tenbarge and her co-author falsely reported that "[m]ost of the court documents were sealed to protect [the victim's] privacy."

Gail C. Gove, Esq.
Re: Nikolas / NBC; Tenbarge
September 17, 2024
Page 5

---

defamatory conspiracy theory during the live stream on YouTube.  In accusatory fashion, Ms. Tenbarge inquired of Ms. Nikolas, "Maybe you got them [the documents] from [D]rake [B]ell?"  Ms. Tenbarge continued to repeat her false claims that Ms. Nikolas improperly obtained purportedly "sealed" documents and then unlawfully published those so-called "sealed documents" that supposedly were "not part of the public doc[ument]s."  Ms. Tenbarge went as far as to claim that Ms. Nikolas put the alleged victim's "sealed info on [T]witter."

     First, the documents in questions are all publicly available through the City of Cleveland's Public Records Center. In a text message from April 16, 2024, Ms. Nikolas memorialized her previous conversation with Ms. Tenbarge about the documents being publicly available.  Ms. Tenbarge did not appear to be interested:



     In fact, Ms. Tenbarge continued to hurl baseless and defamatory allegations at Ms. Nikolas, causing substantial harm to her reputation and resulting in a significant loss of current and future revenue from her Patreon and YouTube

Gail C. Gove, Esq.
Re: Nikolas / NBC; Tenbarge
September 17, 2024
Page 6

Studio accounts alone. Ms. Tenbarge claimed in a post that she "confirmed with the Cleveland court that these doc[ument]s were not publicly available." She commented that what Ms. Nikolas supposedly did was "very disturbing." In response to Ms. Tenbarge's false claims, as reflected in a post on X, Ms. Nikolas explained and even demonstrated to Ms. Tenbarge and others how she obtained the documents from the Ohio government website. Notwithstanding, to date, Ms. Tenbarge has failed to publish a retraction and correction, or otherwise set the record straight.

Second, despite having been provided with copies of the heavily redacted documents, Ms. Tenbarge falsely claimed in a recent post on X that "*none* of [the documents] were redacted *at all*." (Emphasis added.) She baldly asserted that "Alexa Nikolas harasses victims" by exposing their personally identifiable information online and elsewhere.[8] And, during Ms. Nikolas's recent live-stream on YouTube, Ms. Tenbarge again falsely accused her of criminal conduct by publishing those purportedly "sealed" court documents on the Internet.

It is well-settled law in California that the "clearest example of libel *per se* is an accusation of crime." *Barnes-Hind, Inc. v. Super. Ct.*, 181 Cal. App. 3d 377, 385 (1986); *see Fashion 21 v. Coal. for Humane Immigrant Rts. of L.A*, 117 Cal. App. 4th 1138, 1145 (2004) (holding that a false allegation that the plaintiff is guilty of a crime is libelous on its face). The law in New York is similar. *See Liberman v. Gelstein*, 80 N.Y. 2d 429, 435 (1992) (holding that accusations of criminal activity or statements that tend to injure another in her profession can be actionable as defamation and can constitute defamation *per se*).

Ironically, Ms. Tenbarge acknowledged in an older social post, "If you worked for a reputable news outlet and tweeted something blatantly false – impossibly false – you'd get disciplined, if not fired." We demand that *NBC News* take appropriate action to redress the harm that Ms. Tenbarge has caused Ms. Nikolas and her company.

---

[8] Ms. Tenbarge commented in the recent *Eat Predators Daily* live-stream chat, "All my sources [for the once-proposed *NBC News* story] are survivors who went to Alexa for help and support and were betrayed by her." The materials, including court orders and other legal filings, that Ms. Nikolas provided to Ms. Tenbarge on April 18, 2024 demonstrate that Ms. Tenbarge's primary sources are not reliable.

Gail C. Gove, Esq.
Re: Nikolas / NBC; Tenbarge
September 17, 2024
Page 7

---

      Please be aware that Ms. Nikolas will take all necessary measures to protect her rights and reputation. Should *NBC News* fail to adequately address the concerns raised herein, it will be proceeding at its own peril.

      This letter does not constitute a complete recitation of the facts and/or claims that our client may have against Ms. Tenbarge, her editors, *NBC News*, and/or any affiliated entities.

      All rights and remedies are reserved.

                                  Sincerely,

                                  ANDREW B. BRETTLER

cc:    Ms. Alexa Nikolas
        Adam M. Lazier, Esq.
        Jessica D. Baker, Esq.