UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXA NIKOLAS,<br><br>                    Plaintiff,<br><br>-against-<br><br>KATHRYN ELIZABETH TENBARGE,<br><br>                    Defendant. | Case No. 1:25-cv-05005-PKC-CHK |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER EX PARTE MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS AND FOR PERMISSION TO SERVE BY ALTERNATE MEANS**

Kenneth D. Freundlich
Jonah A. Grossbardt
FREUNDLICH LAW, APC
16133 Ventura Blvd. Ste. 645
Encino, CA 91436
(310) 275-5350 (T)
(310) 275-5351 (F)

-and-

Rom Bar-Nissim (*pro hac vice*)
HEAH BAR-NISSIM LLP
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 432-2836

*Attorneys for Plaintiff Alexa Nikolas*

## **PRELIMINARY STATEMENT**

Plaintiff, Alexa Nikolas ("Nikolas" or "Plaintiff"), respectfully submits this memorandum of law in support of her motion for alternate service on Defendant, Kathryn Elizabeth Tenbarge ("Tenbarge" or "Defendant"). Plaintiff has made diligent, good faith efforts to locate and serve Tenbarge through traditional means. Among other things, Plaintiff conducted an exhaustive search of public records, employed a skip trace to locate Tenbarge, had a process server engage in a stakeout, and attempted service on her at two different addresses in Brooklyn, New York, and one address in Ohio.

However, Plaintiff's efforts have proven impracticable because Defendant either no longer resides at or utilizes the addresses identified by Plaintiff and/or is evading service and has not been unable to effect personal service by any of the methods set forth in CPLR § 308(1)-(4). Thus, Plaintiff seeks alternative methods to serve Defendant with the Summons and Complaint. Specifically, Plaintiff seeks to serve Defendant via email at an email address she uses to communicate with the public as of November 24, 2025. Plaintiff also seeks to serve Defendant via regular and certified mail, and return receipt requested at both her last known home address in Brooklyn and the address of her journalist collective, as well as through her social media accounts, which appear to be active. Service via email and social media is reasonably calculated to provide actual notice under these circumstances and satisfies due process.

Based on Plaintiff's past attempts to serve Defendant, she has no other option but to seek the Court's intervention to serve Defendant through alternative methods that are reasonably likely to reach her.

If the Court denies the above, Plaintiff, in the alternative and if this motion is granted, requests a sixty (60) day extension, from the date of the Court's order, of the deadline under Fed. R. Civ. P. 4(m) to serve Defendant.

## RELEVANT PROCEDURAL HISTORY

### I. PROCEDURAL HISTORY

On September 5, 2024, Nikolas filed a Complaint against defendant Kathryn Elizabeth Tenbarge, alleging defamation. (ECF No. 1).

On September 15, 2025, the Court issued an Order to Show Cause re: subject matter jurisdiction. On September 19, 2025, Nikolas filed a response to the Order to Show Cause and explained why the Court has jurisdiction over this case. (ECF No. 6).

### II. PLAINTIFF'S ATTEMPTS TO SERVE TENBARGE

Plaintiff sought to identify current addresses for Tenbarge through public records searches on Google and BeenVerified as well as retaining a private investigator to conduct a background check. (Declaration of Rom Bar-Nissim ("Bar-Nissim Decl."), ¶¶ 2-4; Exs. A-D). On October 4, 2025, Nikolas first attempted to serve Tenbarge at 196 Montrose Ave, Brooklyn, NY 11206, which was an invalid address. Next, on October 9, 2025, the process server tried to serve Tenbarge at 194 Montrose Ave, Brooklyn, NY and was unsuccessful. On October 13, 2025, the process server tried again and was told by a gentleman in the building that he had never heard of anyone with that name living in the building. *See Id.,* ¶ 5, Ex. E.

Nikolas, unable to serve Tenbarge at the first address, requested a Skip Trace performed by ASAP Legal ("ASAP"). According to these searches, Tenbarge's most current address was 547 Knickerbocker Ave, Apt. 1 Brooklyn, NY 11221, where Nikolas attempted multiple times to serve Tenbarge. Nikolas even engaged ASAP to perform a stakeout of the address and provided

ASAP with a picture of Tenbarge. ASAP spent 12 hours looking for Tenbarge at the address and she was unable to be found. Bar-Nissim Decl., ¶ 6, Ex. E.

Next, Nikolas attempted to serve Tenbarge at her parents' house in Ohio. On November 1, 2025, the process server attempted to serve her at 7715 Stonehenge Dr. Montgomery, OH 45242. The process server was unsuccessful at serving Tenbarge at that address and was told that the Tenbarge's no longer live there, and they did not know their current address. Bar-Nissim Decl., ¶ 7, Ex. E.

## LEGAL STANDARD

When determining whether alternate service is necessary, "district courts in this Circuit . . . generally require[]: (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012) (quoting *Devi v. Rajapaska*, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012)). The Court also requires that the means of service "comports with constitutional notions of due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *Secs. Exch. Comm'n v. Anticevic*, , 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Luessenhop v. Clinton Cty., N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006).

## LEGAL ARGUMENT

I.  **THE COURT SHOULD GRANT LEAVE TO SERVE TENBARGE VIA EMAIL AND VIA SOCIAL MEDIA**

Fed. R. Civ. P. 4(e) allows service of process on an individual "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). "Under New York law, a court may approve substituted service, including by email, where more traditional forms of service have proven 'impracticable.'" *Hybrid Capital Group, LLC v. Padell*, No. 17-cv-6343, 2018 WL 11291221, at *1 (S.D.N.Y. May 2, 2018) (citing N.Y. C.P.L.R. § 308(5); *Abshier v. Sunset Recordings, Inc.*, 2014 WL 4230124, at *6 (S.D.N.Y. Aug. 5, 2014)); *see* N.Y. C.P.L.R. § 308(5) (service permitted "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section"); *Alfred E. Mann Living Trust v. ETIRC Aviation S.a.r.l.*, 78 A.D.3d 137, 141-42 (1st Dept 2010) ("both New York courts and federal courts have, upon application by plaintiffs, authorized e-mail service of process as an appropriate alternative method when the statutory methods have proven ineffective. . . . [therefore] [w]e reject [defendant's] contention that e-mail does not provide sufficient notice"). Impracticability "does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Hamza v. Yandik*, 2022 WL 976888, at *8 (N.D.N.Y. Mar. 31, 2022) (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 485 (2d Dept 1995)). Service by email comports with due process when there is evidence that the defendant actively uses the email address in question. *See Shanghai Shuoxin Int'l Co., Ltd. v. El Toro Carmesi, LLC*, 2023 WL 7414062, at *1 (S.D.N.Y. Oct. 24, 2023).

"Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272, at *5 (Aug. 7, 2013).

Further service via social media has also been found to be a supplemental form of service that can be used if necessary. *See Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309, 316, 317 (N.Y. Sup. Ct. 2015) ("Under the circumstance presented here, service by Facebook, albeit novel and non-traditional, is the form of service that most comports with the constitutional standards of due process."); *see also F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, *4 (Mar. 7, 2013) ("Here, service by email and Facebook are reasonably calculated to provide defendants with notice of future filings in this case" where service by social media was a supplemental form of service); *Reca v. Flashdot Ltd.*, 2024 WL 5402044, at *1-3 (S.D.N.Y. Dec. 18, 2024) (Email and social media are adequate means to inform Defendants of litigation); *see also Oscilloscope Pictures, Inc. v. Monbo*, 2019 WL 2436296, at *2 (E.D.N.Y. Feb. 22, 2019) ("Plaintiff's Motion for Alternative Service via "email; Twitter; and first class mail to Defendants' last known residential address, last known business address and business Post Office Box." Dkt. No. 13. Defendants were served as directed by this Court, and, having failed to respond to the Complaint, entered default status").

Tenbarge is an online figure who posts on her Spitfire News website and BlueSky almost daily. She also admits that she is a frequent user of Instagram. Bar-Nissim Decl., ¶ 8, Exs. F-G. Nikolas made diligent, good faith efforts to locate and serve Tenbarge with the Complaint and Summons. Bar-Nissim Decl., ¶¶ 2-8, Exs. A-E. Plaintiff attempted service at Tenbarge's address at 194 Montrose Ave, Brooklyn, NY. The process server who attempted service at that location was told by the present tenant that they had never seen Tenbarge at the apartment building. *Id.*, ¶ 5, Ex. E.

Plaintiff retained a private investigator to conduct a background check, conducted public records searches on Google and BeenVerified and requested a Skip Trace performed by ASAP,

which could not locate a more current address than 547 Knickerbocker Ave, Apt. 1 Brooklyn, NY, 11221. *See* Bar-Nissim Decl., ¶¶ 2-4, 6, Exs. A-E. Plaintiff attempted to serve Tenbarge multiple times at the new Brooklyn address, but there was no answer. *See Id.*, ¶ 6, Ex. E. Plaintiff also attempted to serve Tenbarge at multiple other addresses in New York and Ohio based on public record searches. *See Id.*, ¶¶, 2-7, Exs. A-E. However, Tenbarge was unable to be located at these addresses. *See Id.*, ¶¶ 5-7, Ex. E.

Plaintiff does not have a confirmed active email address for Tenbarge, but Plaintiff was able to identify Tenbarge's email address on her Spitfire News webpage where she states "If you're trying to reach me with tips, feedback, or anything else, the best way to contact me is kat.tenbarge@proton.me." She also admits to being an independent journalist and she does her reporting on her own online publication, Spitfire News. Bar-Nissim Decl., ¶ 9, Ex. B.

Tenbarge also admits that she is active and uses Bluesky . Bar-Nissim Decl., ¶ 10, Exs. F-G, H. Tenbarge's Bluesky account appears to be active and her posts focus on Brooklyn and New York City which is consistent with the publicly listed addresses where Plaintiff already attempted service. *See Id.*, ¶¶ 2-6, 10. Exs. A-G. Tenbarge also has a LinkedIn account that appears active and states she lives in Brooklyn, NY. *See Id.*, ¶¶ 2, 11, Ex. A. Further, Tenberge admits that she is working with the beehiiv Media Collective. *See Id.*, ¶ 11, Ex. H. Tenbarge's website is hosted by beehiiv. *See Id.*, ¶ 11, Ex. A. Beehiiv lists its address as 228 Park Avenue #2329976 on its terms of use page. *See Id.*, Ex. I.

Plaintiff's multiple attempts to serve Tenbarge through traditional measures have proven to be impracticable and thus, court intervention is required so Plaintiff can serve Tenbarge through methods likely to reach her. This is a classic case where service pursuant to N.Y. C.P.L.R. 308 is impracticable. Plaintiff cannot locate Tenbarge, Plaintiff does not know where

she resided in New York after running a Skip Trace and utilizing a stakeout, Tenbarge does not have an agent for service of process, and there is no way to affix the summons because Plaintiff cannot locate her place or residence or business as she conducts all of her business online. All of Plaintiff's efforts to serve Tenbarge at these addresses proved futile, as Tenbarge appears to no longer be active or reside at those locations. Plaintiff thereby requests that the Court allow service of Tenbarge via regular and certified mail, return receipt requested at both her last known address at 547 Knickerbocker Ave, Apt. 1 Brooklyn, NY 11221 (where the process server did not receive a response during their service attempts), and the address for beehiiv at 228 Park Avenue #2329976, New York, New York 10003. Bar-Nissim Decl., ¶ 11, Ex. I. Plaintiff also seeks to serve her via email at kat.tenbarge@proton.me. Accordingly, Plaintiff has no option but to serve Tenbarge through alternative means because traditional forms of service have proven at this point to be "impracticable." *Hybrid Capital Group*, 2018 WL 11291221 at *1. Plaintiff seeks to serve Tenbarge by email, to his email address kat.tenbarge@proton.me, which Tenbarge admits to using and upon information and believe responsive to. *Id.*, ¶ 9, Exs. B, H.

Additionally, Plaintiff seeks to supplement service on Tenbarge via her Bluesky and LinkedIn accounts, which as stated above, appear to be active. Plaintiff submits that these methods are the most practicable way to contact and serve Tenbarge, and therefore respectfully requests that the Court grant this motion.

## CONCLUSION

For the foregoing reasons, plaintiff, Nikolas, respectfully requests the Court to grant her motion for alternate service on Tenbarge. Further, Plaintiff respectfully requests an extension of his deadline to serve Tenbarge under Fed. R. Civ. P. 4(m) by sixty (60) days from the date of the Court's Order.

| | |
|---|---|
| Dated: November 24, 2025 | Respectfully submitted,<br><br>FREUNDLICH LAW, APC<br><br>BY: _/s/ Jonah A. Grossbardt_<br>Kenneth D. Freundlich<br>Jonah Grossbardt<br>16133 Ventura Blvd. Ste. 645<br>Encino, CA 91436<br><br>Rom Bar-Nissim (*pro hac vice*)<br>HEAH BAR-NISSIM LLP<br>1801 Century Park East, Ste. 2400<br>Los Angeles, CA 90067<br><br>Attorneys for Plaintiff ALEXA NIKOLAS |