UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――x
ALEXA NIKOLAS,

            Plaintiff,

     -against-

KATHRYN ELIZABETH TENBARGE,

            Defendant.
―――――――――――――――――――――――x

**MEMORANDUM AND ORDER**

25-CV-5005 (PKC) (CHK)

**CLAY H. KAMINSKY, United States Magistrate Judge:**

On September 5, 2025, Plaintiff Alexa Nikolas commenced this action against Defendant Kathryn Tenbarge, seeking damages for Defendant's alleged defamatory statements. ECF No. 1. On November 24, 2025, Plaintiff filed a motion for an extension of time to serve the summons and complaint and to permit alternative service of the summons and complaint, as Plaintiff has been unable to serve Defendant successfully within 90 days of the action being filed. ECF No. 10. That motion is granted for the reasons explained below.

**I.    Background**

After Plaintiff filed the complaint on September 5, 2025, Plaintiff made several efforts to locate Defendant. *See* Pl.'s Mem., ECF No. 10-1, at 3–4; Bar-Nissim Decl., ECF No. 10-2, ¶¶ 2–11. First, Plaintiff conducted public records searches and hired a private investigator to identify Defendant's current address. Pl.'s Mem. at 3–4; Bar-Nissim Decl. ¶¶ 2–4. That search revealed 196 Montrose Ave, Brooklyn, New York as a possible address for Defendant. Pl.'s Mem. at 3; Bar-

Nissim Decl. ¶ 4. A process server tried to serve Defendant at 196 Montrose Ave on October 4, 2025, but determined that it was an invalid address. Pl.'s Mem. at 3; Bar-Nissim Decl. ¶ 5. Next, on October 9, 2025, the process server tried to serve Defendant at *194* Montrose Ave, but was unsuccessful. Pl.'s Mem. at 3; Bar-Nissim Decl. ¶ 5. The process server made a second attempt at service on October 13, 2025, but was told by another resident that he had not heard of anyone with Defendant's name in the building. Pl.'s Mem. at 3; Bar-Nissim Decl. ¶ 5.

Next, Plaintiff requested a skip trace from ASAP Legal, which identified 547 Knickerbocker Ave, Apt. 1, Brooklyn, New York as Defendant's most recent address. Pl.'s Mem. at 3–4; Bar-Nissim Decl. ¶ 6. Plaintiff attempted to serve Defendant multiple times at that address and engaged ASAP Legal to perform a stakeout to attempt service there. Pl.'s Mem. at 3–4; Bar-Nissim Decl. ¶ 6. ASAP engaged in a 12-hour stakeout, but was unable to locate Defendant. Pl.'s Mem. at 3–4; Bar-Nissim Decl. ¶ 5.

Finally, after attempts to serve Defendant at her Brooklyn addresses were unsuccessful, Plaintiff attempted to serve Defendant at her parents' last known address in Ohio. Pl.'s Mem. at 4; Bar-Nissim Decl. ¶ 7. The process server was again unsuccessful. Pl.'s Mem. at 4; Bar-Nissim Decl. ¶ 7. The current resident advised that Defendant's parents no longer lived at that address. Pl.'s Mem. at 4; Bar-Nissim Decl. ¶ 7.

Having exhausted its options to serve Defendant at her residence, Plaintiff now seeks the Court's intervention to allow service through alternative means

under Rule 4 of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules ("CPLR") Section 308(5). Pl.'s Mem. at 4–8. Specifically, Plaintiff seeks an order allowing her to serve Defendant by: (1) sending copies of the Summons, Complaint, and this Order via certified mail to 547 Knickerbocker Ave and beehiiv Media Collective, of which Defendant is a member; (2) emailing Defendant copies of the Summons, Complaint, and this Order; and (3) sending copies of the Summons, Complaint, and this Order via direct message to Defendant's social media accounts on Bluesky and LinkedIn. Pl.'s Mem. at 6–8.

## II. Discussion

Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual in the United States according to the laws of the state where the district court is located. In New York, service of process may be effected by: "(1) personal service; (2) delivery to 'a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served' and by either mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called 'nail and mail' service." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016) (quoting N.Y.C.P.L.R. §§ 308(1)–(4)). If these methods prove "impracticable," service can be made "in such manner as the court, upon motion without notice, directs." *Id.* (quoting § 308(5)). If service through traditional methods is impracticable, the Court must ensure that the alternative means of service ordered comports with constitutional due process, or, in other words, that it is "reasonably calculated,

3

under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *F.T.C. v. PCCare247 Inc.*, No. 12-CV-7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### A.  Impracticality

First, the Court must determine whether service through the traditional methods of service proscribed by statute is impracticable. "The meaning of 'impracticability' depends upon the facts and circumstances of the particular case." *Fortunato v. Chase Bank USA, N.A.*, No. 11-CV-6608, 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012) (quoting *S.E.C. v. HGI, Inc.*, No. 99-CV-3866, 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999)). The party attempting service, however, need not provide "proof of due diligence or of actual prior attempts to serve a party under the other provisions of [Section 308]." *Day v. Slothower*, No. 21-CV-1188, 2021 WL 6427556, at *1 (S.D.N.Y. Apr. 27, 2021) (quoting *Noble v. Crazetees.com*, No. 13-CV-5086, 2014 WL 12792236, at *1 (S.D.N.Y. Jan. 28, 2014)); *accord Astrologo v. Serra*, 659 N.Y.S.2d 481, 482 (2d Dep't 1997). Courts have found impracticality "where the defendant could not be located by means of a diligent search." *Ferrarese*, 164 F. Supp. 3d at 365; *In re Qiwi PLC Sec. Litig.*, No. 20-CV-6054, 2022 WL 20527316, at *4 (E.D.N.Y. Sept. 30, 2022) ("Unsuccessful attempts to serve a defendant are strong evidence of impracticability.").

Here, Plaintiff has demonstrated that it is impracticable to serve Defendant through the methods of service described in CPLR § 308(1)–(4). Plaintiff conducted

4

a diligent search for Defendant by hiring an investigator, searching public records and social media for a current address, and sending process servers to two of Defendant's last known addresses and to her parents' home. The Court finds that Plaintiff has been sufficiently thorough in her effort to personally serve Defendant. Accordingly, the Court finds that service through alternative means is necessary.

### B.     Due Process

Next, in determining what method of alternative service is appropriate, the Court must ensure the proposed alternative method complies with due process. "Courts have found that service by certified mail to a defendant's last known address is a valid method of alternate service." *Ferrarese*, 164 F. Supp. at 365; *see D.R.I., Inc. v. Dennis*, No. 03-CV-10026, 2004 WL 1237511, at *2 (S.D.N.Y. June 3, 2004) (collecting cases). Courts have also found that service by email is proper "where a plaintiff demonstrates that the email is likely to reach the defendant." *PCCare247 Inc.*, 2013 WL 841037, at *4. Similarly, courts have approved service through social media platforms when "presented with strong evidence demonstrating that the party being served was likely to receive the message." *Silverman v. Sito Mktg. LLC*, No. 14-CV-3932, 2015 WL 13649821, at *3 (E.D.N.Y. July 21, 2015). In cases where courts have permitted service through social media, that method of service is usually accompanied by more traditional forms of service, such as service by certified mail to the defendant's last known address. *See PCCare247 Inc.*, 2013 WL 841037, at *5 (noting that "if the [plaintiff] were proposing to serve defendants *only* by means of Facebook, as opposed to using

5

Facebook as a supplemental means of service, a substantial question would arise whether that service comports with due process") (alteration in original).

Here, the Court finds that Plaintiff has provided sufficient evidence that service on Defendant's last known address, email, and Bluesky account is reasonably likely to notify her of the lawsuit and therefore satisfies due process. However, Plaintiff has not proved that service through the media collective or LinkedIn account is similarly reasonable.

First, service through certified mail to Defendant's last known address is reasonable. As discussed above, courts have routinely granted similar requests. *See Ferrarese*, 164 F. Supp. at 365; *D.R.I., Inc.*, 2004 WL 1237511, at *2. The Court, however, directs Plaintiff to serve Defendant at both addresses identified by Plaintiff's public records search and skip trace—194 Montrose Ave and 547 Knickerbocker Ave. Service at both of these addresses increases the likelihood that Defendant will be notified of the lawsuit.

Second, service via Defendant's email and Bluesky accounts is proper. Defendant's website states: "If you're trying to reach me with tips, feedback, or anything else, the best way to contact me is kat.tenbarge@proton.me." ECF No. 10-10 at 3. The Court finds that this representation constitutes strong evidence "that the email is likely to reach the defendant." *See PCCare247 Inc.*, 2013 WL 841037, at *4. Defendant's website also states that she is "most active on Bluesky" and that her direct messages on Bluesky "are open." ECF No. 10-10 at 3. A screenshot of Defendant's Bluesky account provided by Plaintiff confirms that Defendant is

6

regularly active on the platform. *See* ECF No. 10-8. This evidence indicates that Defendant is "likely to receive the message" effectuating service through Bluesky. *Silverman*, 2015 WL 13649821, at *3. Accordingly, Plaintiff has properly demonstrated that service through these accounts will likely inform Defendant of the lawsuit, especially when combined with service through certified mail to Defendant's last known address.

Third, service through beehiiv Media Collective is not reasonably calculated to provide Defendant notice of the lawsuit. The only evidence Plaintiff puts forth to connect Defendant to beehiiv is that Defendant's website is "powered by beehiiv" and that Defendant "started [her website] as a member of the beehiiv Media Collective." ECF No. 10-5 at 3; 10-10 at 2. This is not sufficient evidence to demonstrate that serving Defendant at beehiiv's address is reasonably calculated to reach Defendant and provide notice of this action. Plaintiff's request to serve Defendant through beehiiv is therefore denied. *See In re BRF S.A. Sec. Litig.*, No. 18-CV-2213, 2019 WL 257971, at *7 (S.D.N.Y. Jan. 18, 2019) (denying alternative service at the defendants' place of employment where the plaintiff failed to provide evidence that it would provide notice of the claims).

Finally, Plaintiff has not demonstrated that service through LinkedIn is proper. Plaintiff provides only a screenshot of Defendant's LinkedIn profile, which does not show that Defendant is active on the platform. *See* ECF. No. 10-3. Courts have denied requests for alternative service through social media for similar reasons. *See Nochimson v. Oasis Luxe Mgmt. & Co. Inc.*, No. 22-CV-7197, 2023 WL

7

2403260 (S.D.N.Y. Mar. 8, 2023) (denying alternative service where the plaintiffs failed to provide evidence that messaging the defendant through social media would apprise him of the lawsuit); *Project Veritas v. O'Keefe*, No. 23-CV-4533, 2025 WL 2237409 (S.D.N.Y. Aug. 5, 2025) (denying alternative service where plaintiffs did not provide "any evidence to suggest that [non-party witness] actively uses his LinkedIn account"); *but see Ferrarese*, 164 F. Supp. at 365 (allowing service by mail, email, and Facebook, despite "little evidence" that defendant actually used the email address and Facebook account identified by the plaintiff). Because Plaintiff has not demonstrated that Defendant is active on LinkedIn—and therefore likely to receive a message notifying Defendant of the instant action—Plaintiff's request to serve Defendant through LinkedIn is denied.

## III. Conclusion

For the reasons stated above, the Court grants, in part, Plaintiff's motion for alternative service under Rule 4. Plaintiff is hereby ordered to serve a copy of the Summons, Complaint, and this Order on Defendant by: (1) certified mail to Defendant's two last known addresses identified by Plaintiff; (2) emailing Defendant at kat.tenbarge@proton.me; (3) messaging Defendant via Bluesky through her account, @kattenbarge.bsky.social. Plaintiff shall have two weeks after

8

the entry of this Order, *i.e.*, until December 23, 2025, to serve Defendant and file a detailed affidavit of service on the docket.

SO ORDERED.

/s/ Clay H. Kaminsky
CLAY H. KAMINSKY
United States Magistrate Judge

Dated:   December 9, 2025
         Brooklyn, New York

9