# EISNER DICTOR & LAMADRID, P.C.

ATTORNEYS AT LAW
39 BROADWAY, SUITE 1540
NEW YORK, NEW YORK 10006

TELEPHONE: (212) 473-8700
FACSIMILE: (212) 473-8705

E-MAIL: office@eisnerdictor.com
INTERNET: www.eisnerdictor.com

BENJAMIN N. DICTOR
THOMAS J. LAMADRID*
MARIA L. CHICKEDANTZ
AARON W. GLADSTONE
EMILY W. VAN DYNE

* NY, FL, AND MI BAR

OF COUNSEL
EUGENE G. EISNER†
NATHANIEL K. CHARNY**
ROGER J. BERNSTEIN

** NY AND NJ BAR
† OF COUNSEL & PARTNER EMERIT

January 30, 2026

BY ECF

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Nikolas v. Tenbarge*, Index No. 25-CV-5005 (PKC) (CHK)

Dear Judge Chen:

  This office is counsel to Defendant Tenbarge in the above-referenced matter. Pursuant to the parties' stipulation filed on December 14, 2025, and adopted by this Court on December 15, 2025, Defendant Tenbarge is required to respond to the Complaint on or before January 30, 2026. *See* Docket Order dated December 15, 2025. Defendant wishes to file a motion to dismiss under Fed. R. Civ. P. ("FRCP") 12. Pursuant to Rule 3(A) of Your Honor's Individual Rules, this Letter is Defendant's request for a pre-motion conference. Accordingly, this Letter satisfies Defendant's obligation to respond on or before January 30, 2026. Aaron Gladstone, defense counsel for this motion, was first admitted as a lawyer on February 28, 2022, which was less than five years ago.

  Defendant's anticipated motion to dismiss arises under FRCP 12(b)(2), (3), (5), and (6). The basis of the motion would be under the following theories. First, Plaintiff failed to fully comply with this Court's December 19, 2025 order regarding alternative service. *See* ECF Doc. No. 11. Second, this Court lacks both general and specific personal jurisdiction over Defendant because Tenbarge is not domiciled in New York and New York's long arm statute does not confer jurisdiction in a case like this. Third, venue in the Eastern District of New York is improper because Defendant does not live in this district, no substantial part of the events giving rise to the claim occurred in this district and this Court cannot exercise personal jurisdiction over Defendant. Fourth, the Complaint failed to state a claim under New York's law of defamation because Plaintiff failed to plausibly allege actual malice.

  Prior to Defendant's counsel appearing in this matter, Magistrate Judge Kaminsky granted Plaintiff's motion for alternative service in part. ECF Doc. No. 11. That Order required Plaintiff to serve Defendant in three specific ways: (1) certified mail to Defendant's two last known addresses identified by Plaintiff; (2) emailing Defendant at kat.tenbarge@proton.me; (3) messaging Defendant via Bluesky through her account, @kattenbarge.bsky.social." *Id*. It also required Plaintiff to file a "detailed affidavit of service" by December 23, 2025. Plaintiff filed the



P a g e | 2

detailed affidavit of service 13 calendar days late, on January 5, 2026. Moreover, the Plaintiff's filings admit that the service did not fully comply with Judge Kaminsky's order. ECF Doc. No. 14. Specifically, Plaintiff admitted that "Alexa's counsel did not perform Bluesky Service" because "[Defendant]'s counsel contacting Alexa's counsel about an extension." *Id*. However, "under both federal and New York law, actual notice of a lawsuit does not cure improper service." *Tung v. Hemmings*, No. 19-CV-5502 (RPK) (SJB), 2021 LX 95149, at *12 (E.D.N.Y. Sep. 13, 2021). Defense counsel filing a notice of appearance similarly does not cure improper service. *Id*. at *12-13. A party can only waive an insufficient service defense "by failing to assert it promptly by motion or in the responsive pleading, or by participating in the litigation without questioning personal jurisdiction." *Id*. at *13. Defendant is raising it promptly in this motion which also questions personal jurisdiction. Additionally, the parties' December 14, 2025 stipulation did not condition the extension of Defendant's time to respond with her acceptance of service. *See* Doc. No. 13. Accordingly, Plaintiff's failure to comply with the alternative service she requested, and as ordered by Judge Kaminsky, means that service was improper and dismissal is warranted.

Second, dismissal is warranted because this Court does not have personal jurisdiction over Defendant. As this Court is aware, in determining personal jurisdiction, this Court may consider materials outside the pleadings, including affidavits and other written materials. *Johnson v. UBS AG*, 791 F. App'x 240, 241 (2d Cir. 2019). Defendant's anticipated motion will demonstrate that, at the time this suit was filed, September 5, 2025, Defendant was not domiciled in New York, but rather in New Jersey. Accordingly, this Court lacks general personal jurisdiction over Defendant. *Barrett v. Uber Techs., Inc. Rasier, LLC*, 2025 U.S. Dist. LEXIS 256477, *7 (S.D.N.Y., Dec. 10, 2025). This Court also lacks personal jurisdiction over Defendant because New York state's long arm statute (CPLR 302) denies New York courts, and accordingly federal courts sitting in diversity, personal jurisdiction over non-domiciliaries in a cause of action for defamation. CPLR 302(2); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 245–46, 248 (2d Cir. 2007). Defendant's motion will also demonstrate that no other subsections of CPLR 302 confer jurisdiction and that jurisdiction would not comport with the Due Process Clause of the United States Constitution.

Third, dismissal is warranted because this Court is not the proper venue for this action. Under 28 U.S.C. § 1391(b), a civil action may be brought only in: (1) a district where any defendant resides; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if no such district exists, any district where the defendant is subject to personal jurisdiction. *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55–56 (2013). As noted above, Defendant does not reside in this district. Defendant's anticipated motion will demonstrate that no *substantial* part of the events or omissions giving rise to this claim occurred in this District. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (district courts must construe the venue statute strictly and "take seriously the adjective 'substantial'"). "Substantial part," importantly does not mirror "the minimum contacts test employed in personal jurisdiction inquiries." *Id*. at 357. As pled, Plaintiff has failed to identify *any* specific events or omissions material to her defamation claim that occurred in this District. On the contrary, nearly every operative fact alleged in the Complaint occurred or relates to matters elsewhere. The records at issue came from Ohio, where Tenbarge reached the Cuyahoga County Court Clerk to verify whether they were sealed (Compl. ¶¶ 33, 38); the other sources Tenbarge allegedly contacted in her reporting were not alleged to be located in New York, either. Lastly, there are other districts available, including potentially where Defendant or the Cuyahoga County Court reside.

**EISNER DICTOR & LAMADRID, P.C.**

P a g e | 3

  Lastly, dismissal is warranted because Plaintiff failed to state a cause of action. New York's amended anti-SLAPP statute, N.Y. Civ. Rights Law § 76-a, applies to federal diversity cases because it is "manifestly substantive" because it governs the merits of defamation claims and increases defendants' speech protections. *Coleman v. Grand*, 523 F. Supp. 3d 244, 258 (E.D.N.Y. 2021), *aff'd*, 2025 U.S. App. LEXIS 28672 (2d Cir. Nov. 3, 2025). Additionally, New York's anti-SLAPP statute applies to any action "involving public petition and participation," defined as a claim based upon "any communication in a place open to the public or a public forum in connection with an issue of public interest" or "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." N.Y. Civ. Rights Law § 76-a(1)(a). All three elements are satisfied here. First, the challenged statements were made in a public forum. Plaintiff alleges that Tenbarge made the statements on X and in the live chat of Plaintiff's YouTube video. Complaint ("Compl.") ¶¶ 62-63. Social media platforms are quintessential public forums under the anti-SLAPP statute. *See Goldberg v. Levine*, 2023 N.Y. Misc. LEXIS 7417, at *8 (Sup. Ct. N.Y. Cnty. 2023) (statements on Twitter and YouTube are communications in a public forum). Second, the statements concerned an issue of public interest. The challenged statements related to the criminal case against Drake Bell, a public figure and former Nickelodeon star, and the accessibility of court and police records from that case. Compl. ¶¶ 9-16. Third, Defendant's alleged statements were made in furtherance of her right of free speech as they were part of an ongoing public discourse about Plaintiff's handling of sensitive court documents concerning an alleged victim of child abuse—a matter of significant public concern.

  Consequently, Plaintiff failed to meet her burden because she failed to "establish[] by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false." N.Y. Civ. Rights Law § 76-a(2). First, Plaintiff alleges that Tenbarge harbored ill will and sought "revenge" against her—but animosity toward a plaintiff is not actual malice. *Church of Scientology Int'l v. Behar*, 238 F.3d 168, 174 (2d Cir. 2001); *Celle v. Filipino Reporter Enters., Inc.*, 209 F.3d 163, 183 (2d Cir. 2000). Second, Plaintiff contends Tenbarge failed to investigate her statements. However, mere alleged failure to investigate a claim does not establish reckless disregard for the truth. *New York Times Co. v. Sullivan*, 376 U.S. 254, 287-88 (1964). Moreover, the Complaint's own allegations establish that Tenbarge independently verified her reporting with the Cleveland court before making the challenged statements. Compl. ¶ 62. *See Miller v. News Syndicate Co.*, 445 F.2d 356, 358 (2d Cir. 1971) (reporter basing statements on reliable sources "can hardly be accused of gross negligence, much less actual malice"). Third, Plaintiff points to Tenbarge's alleged reliance on biased and unreliable sources—but those sources are not connected to the statements at issue; they relate to a different, unpublished story. Compl. ¶¶ 36-38, 51-53; *see* Compl. ¶ 62. (Tenbarge identified the Cleveland court as her source for the "sealed" characterization).

  Accordingly, Defendant should be granted leave to file her anticipated motion to dismiss.

Yours truly,

*/s/ Aaron Gladstone*

Aaron Gladstone

cc *via ECF*: All Counsel of Record