# HEAH BAR-NISSIM

February 6, 2026

VIA ECF

Hon. Pamela K. Chen
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Nikolas v. Tenbarge* (Case No. 1:25-cv-05005-PKC-CHK)

Dear Judge Chen:

We are counsel for Plaintiff Alexa Nikolas ("Nikolas") in the above referenced matter. This letter is Nikolas' opposition to the letter of defendant Kathryn "Kat" Elizabeth Tenbarge ("Tenbarge") requesting a pre-motion conference for leave to file a motion to dismiss. Dkt. No. 16.

**Insufficient Service:** Tenbarge should not be granted leave to file a motion to dismiss for insufficient service under Federal Rule of Civil Procedure ("FRCP") 12(b)(5) for the reasons set forth below.

On December 9, 2025, this Court issued an order authorizing alternative service (the "12/9/25 Order"). Dkt. No. 11. The 12/9/25 Order properly held that "alternative service" must be "reasonably calculated under the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*, pp. 3-4. As such, the 12/9/25 Order set forth four methods for Nikolas to serve Tenbarge: (1) certified mail to Tenbarge's Knickerbocker address; (2) certified mail to Tenbarge's Montrose address; (3) email to Tenbarge's work email address; and (4) Tenbarge's Bluesky account ("Bluesky Service"). *Id.*, p. 8.

Nikolas served Tenbarge via all methods of service – except Bluesky Service. *See* Dkt. Nos. 14, 14-1. Nikolas did not serve Tenbarge via Bluesky Service because her counsel contacted Nikolas' counsel prior to effectuating Bluesky Service. *Id.* Since effectuating Bluesky Service would require creating a Bluesky account and sending a direct message to Tenbarge, Nikolas counsel refrained from doing so because it would violate New York Rule of Professional Conduct 4.2 and California Rule of Professional Responsibility 4.2 – *i.e.*, no communication with represented parties.

Regardless, Nikolas was successful in apprising Tenbarge of the present dispute and providing her with an opportunity to present her objections. *See* Dkt. No. 11, pp. 3-4. Tenbarge cannot dispute: (1) Nikolas properly served Tenbarge via three of the four methods set forth in the 12/9/25 Order (Dkt. Nos. 14, 14-1); (2) as a direct result of said service, Tenbarge's counsel contacted Nikolas' counsel to request an extension to respond to the complaint, which was granted (Dkt. No. 13); (3) Tenbarge's counsel

contacted Nikolas' counsel before Nikolas could effectuate service via Bluesky (Dkt. Nos. 14, 14-1); and (4) as a direct result of service, Tenbarge's January 30, 2026 letter contains her objections to the complaint, service, jurisdiction and venue. Dkt. No. 16. Therefore, Tenbarge should be denied leave to file a motion to dismiss for insufficient service.

**Failure to State a Claim:** Tenbarge should not be granted leave to file a motion to dismiss for failure to state a claim under FRCP 12(b)(6). Tenbarge's claim that Nikolas failed to adequately allege actual malice fails to withstand scrutiny. As discussed in detail below, Nikolas has more than adequately alleged that Tenbarge made the defamatory statements with knowledge of falsity or, at the very least, reckless disregard for the truth.

To survive a motion to dismiss, "the plaintiff must allege sufficient facts to support a reasonable inference that the defendant made the statement with reckless disregard for the truth." *Holder v. Bobb*, 797 F.Supp.3d 134, 146 (E.D.N.Y. 2025). A "court typically will infer actual malice from objective facts" including "the defendant's own actions or statements, the dubious nature of [her] sources, and the inherent improbability of [her] story among other circumstantial evidence." *Carrol v. Trump*, 151 F.4th 50, 71 (2d Cir. 2025). "Evidence of ill will combined with other circumstantial evidence indicating that the defendant acted with reckless disregard of the truth or falsity of a defamatory statement may also support a finding of actual malice." *Id.* at 72 fn. 20. Moreover, while a "failure to investigate will not alone support a finding of actual malice, the purposeful avoidance of the truth is in a different category." *Harte-Hanks Comms., Inc. v. Connaughton*, 491 U.S. 657, 692 (1989) (internal citation omitted). When the failure to investigate amounts to "the purposeful avoidance of the truth, then the defendant's failure to investigate can demonstrate actual malice." *Dongguk Uni. v. Yale Uni.*, 734 F.3d 113, 124 (2d Cir. 2013) (internal citation omitted).

Nikolas has more that adequately alleged that Tenbarge knew her statements that Nikolas publicly disseminated sealed court and police records in the Drake Bell case were false or – at the very least – made the statements with reckless disregard for the truth. Examples include:

- "First, when Alexa provided Tenbarge the opportunity to find the Bell Records online or request the Bell Records online, Tenbarge expressed she was not interested in such information." (Dkt. No. 1, ¶ 80);
- "Second, Tenbarge claimed to have sought the Bell Records from the Cuyahoga County Courthouse who claimed the Bell Court Records were sealed. This is patently false – as the records are publicly available. Each of the Bell Court Records correlates with a docket entry in the case with the exception of the Bell sentencing memo – which was sealed solely for containing medical and mental health information about Bell (and not the victim)" (*id.*, ¶ 81);
- "Third, Tenbarge claimed the Bell Records contained information about Bell's victim – *i.e.*, that she personally reviewed the Bell Records. Tenbarge clearly did not review the Bell Records as: (1) there is no reference or information about Bell's victim in the Bell Court Records; and (2) all information about the victim was redacted from the Bell Police Records." (*id.*, ¶ 82)
- "Fourth, Tenbarge made no attempt to investigate whether the Bell Police Records were public and refused Alexa's assistance to locate them." (*id.*, ¶ 83)
- "Fifth, Tenbarge repeatedly relied on highly biased and unreliable sources during her

investigation of Alexa, such as: (1) court documents filed by Hailey-McMurray – despite Tenbarge being aware of the Restraining Order; (2) Hailey-McMurray himself; (3) anonymous online accounts that had a clear bias against Alexa, such as Exposing Rich and Abuse of Power; and (4) highly biased sources such as Salinas and Higgins." (*id.*, ¶ 84); and

- "Sixth, Tenbarge was motivated to make the Defamatory statements to exact revenge against Alexa for: (1) successfully ending the Unpublished Article; and (2) exposing her use of unreliable and highly biased sources to NBC, which damaged Tenbarge's professional reputation." *Id.*, ¶ 85.

As such, Tenbarge should be denied leave to file a motion to dismiss for failure to state a claim.

**Improper Venue and Lack of Personal Jurisdiction**: Tenbarge should not be granted leave to file a motion to dismiss for improper venue or lack of personal jurisdiction under FRCP Rules 12(b)(1) and 12(b)(3) because Nikolas has agreed to stipulate to transfer the present action to the District of New Jersey where Tenbarge claims venue and personal jurisdiction is proper.

On Friday, January 30, 2026 (*i.e.*, the same day Tenbarge filed her request), Nikolas' counsel contacted Tenbarge's counsel to obtain more information regarding Tenbarge's assertion that she was domiciled in New Jersey on September 5, 2025 (*i.e.*, when the complaint was filed). Further, Nikolas' counsel floated the idea of the parties stipulating to transfer the case to either: (1) the District of New Jersey (*i.e.*, where Tenbarge's current address is located); or (2) the Northern District of California (*i.e.*, where the defamatory statements were published).

On Tuesday, February 3, 2026, Nikolas' counsel sent Tenbarge's counsel an email that memorialized: (1) the request for additional information regarding Tenbarge's domicile; and (2) the offer to stipulate to transfer the present action to the District of New Jersey, pending review of the information provided regarding Tenbarge's domicile. Alternatively, Nikolas' counsel asked whether Tenbarge would consent to jurisdiction in the Eastern District of New York. As of this filing, Tenbarge has not responded to Nikolas whatsoever.

Motion practice regarding personal jurisdiction and venue would waste the resources of this Court and parties. Nikolas is agnostic as to where this matter is litigated. Rather, what matters to Nikolas is that this matter be litigated on the merits. If transferring this matter resolves the issues of personal jurisdiction and venue and allows the litigation to proceed on the merits, Nikolas is more than happy to do so.

This Court should deny Tenbarge's request for leave to file a motion to dismiss. Rather, the parties should stipulate to transfer the matter to the District of New Jersey where Tenbarge claims personal jurisdiction and venue are proper. Alternatively, this Court should order briefing on which venue is proper and has personal jurisdiction over Tenbarge. Nikolas' counsel further requests permission to attend the conference remotely – as they are all located in California.

Respectfully Submitted,

Rom Bar-Nissim