# EISNER DICTOR & LAMADRID, P.C.

ATTORNEYS AT LAW
39 BROADWAY, SUITE 1540
NEW YORK, NEW YORK 10006

TELEPHONE: (212) 473-8700
FACSIMILE: (212) 473-8705

E-MAIL: office@eisnerdictor.com
INTERNET: www.eisnerdictor.com

BENJAMIN N. DICTOR
THOMAS J. LAMADRID*
MARIA L. CHICKEDANTZ
AARON W. GLADSTONE
EMILY W. VAN DYNE

* NY, FL, AND MI BAR

OF COUNSEL
EUGENE G. EISNER†
NATHANIEL K. CHARNY**
ROGER J. BERNSTEIN

** NY AND NJ BAR
† OF COUNSEL & PARTNER EMERITUS

March 5, 2026

EFILE

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Nikolas v. Tenbarge*, Case No. 1:25-cv-05005-PKC-CHK

Dear Judge Chen:

    This office is counsel to Defendant in the above-captioned matter. Pursuant to the Court's February 19, 2026 Order, Defendant Kathryn Elizabeth Tenbarge respectfully states that she does <u>not</u> consent to the transfer of this action to the District of New Jersey at this time. While a court may transfer a case if it finds it lacks personal jurisdiction, it can also dismiss it. *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55-56 (2013) ("Transfer is discretionary, not automatic."). Courts within the Second Circuit do not transfer cases where the plaintiff so plainly fails to allege a viable claim that transfer would not serve the interest of justice. *Adeleke v. United States*, 355 F.3d 144, 152 (2d Cir. 2004). This is because there is no obligation to keep meritless claims alive through transfer to another court. *Henry v. McDonald's Co.*, 2023 U.S. Dist. LEXIS 68528, at *2 (W.D.N.Y. Apr. 19, 2023); *see Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (courts can "peek at the merits" to avoid wasting judicial resources on a "clearly doomed" case).

    As noted in Defendant's initial letter, Plaintiff's defamation claim—her sole cause of action—is exactly that. It fails on the merits and transfer would serve only to impose further burden on a journalist exercising her First Amendment rights. As such, Defendant, at this time, maintains that dismissal is warranted on both jurisdictional and substantive grounds. Counsel for Defendant is happy to continue discussing this point at Defendant's previously requested pre-motion conference.

Yours truly,

*Aaron Gladstone*

Aaron Gladstone

cc *via ECF*: All Counsel of Record

